UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:09-cr-00010-GFVT-HAI-5 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| EDWARD W. WAGERS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 544.] Defendant Edward Wagers has been charged with violating his supervised release. On June 7, 2010, Mr. Wagers was sentenced to 120 months of imprisonment, to be followed by eight years of supervised release, after pleading guilty to multiple drug and firearm crimes.[1] [R. 297.] In 2017, Mr. Wagers violated his supervised release after his urine tested positive for methamphetamine and benzodiazepines and because he was charged in Ohio with petty theft. [R. 544 at 2.] Mr. Wagers was subsequently sentenced to twenty-four months of incarceration followed by seven years of supervised release. [R. 521.] Mr. Wagers's current term of supervised release began in 2019. *See id.*

On July 1, 2021, the United States Probation Office issued a Supervised Release Violation Report indicating that Mr. Wagers had been charged with speeding seven miles per hour over the limit, reckless driving, and operating a motor vehicle under the influence of alcohol. [R. 538.] Consequently, Mr. Wagers is charged with two violations of the conditions of

---

[1] Mr. Wagers's sentence was later reduced to 103 months pursuant to 18 U.S.C. § 3582(c)(2).

his supervised release.  First, Mr. Wagers is charged with violating a mandatory condition which forbids him from committing another federal, state, or local crime.  [R. 544 at 3.]  Second, Mr. Wagers is charged with violating a mandatory condition which requires him to abstain from alcohol use.  *Id.*  Both violations constitute Grade C violations.  *Id.* at 5.

On July 1, 2021, Mr. Wagers appeared before Judge Ingram for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1.  *Id.* at 3.  At the hearing, the United States made an oral motion for interim detention and Mr. Wagers argued for release.  *Id.*  Because Judge Ingram found that Mr. Wagers met his burden under Rule 32.1(a)(6) to justify release, Mr. Wagers was released on home detention and was ordered to not operate a motor vehicle.  *Id.* at 4.  Mr. Wagers's final revocation hearing was held on July 19.  [R. 543.]  There, the Government "argued for a non-revocation penalty consisting of twelve months of home detention, the first eight months of which would also include location monitoring."  [R. 544 at 5.]  In support, the Government argued that Mr. Wagers had made significant progress in his life, including working a steady job with leadership responsibilities, and being the primary caregiver to his four-year-old son.  *Id.* at 6.  Moreover, the Government argued that Mr. Wager's current violation is only "loosely tethered" to his underlying crimes, which differs significantly from his prior violations.  *See id.*  The Defendant agreed with the Government and noted that, although "[h]e made a bad decision, […] it was better than last time."  *Id.*  After hearing both arguments, Judge Ingram recommended Mr. Wagers's supervision not be revoked, but that he should be placed on home detention for a period of twelve months, to include exceptions for employment and other activities approved in advance by his probation officer.  *Id.* at 9.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of

service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Wagers has not filed any objections to Judge Stinnett's Report and Recommendation and filed a waiver of allocution on July 22, 2021. [R. 546.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Wagers is found **GUILTY** of all violations;

2. Mr. Wagers's supervised release is not revoked. Instead, Mr. Wagers shall remain released on the existing conditions [R. 521] and shall serve the remainder of his current supervision period, set to terminate on September 19, 2026.

3. The conditions of Mr. Wagers's supervised release are **AMENDED** to include the following:

    You shall be placed on home detention for a period of twelve months, to commence on the date of entry of judgment. During this time, you must remain at your place of residence except for employment and other activities approved in advance by the probation officer. You shall be placed on location monitoring technology as directed by the USPO for a period of eight months, to commence on the date of entry of judgment, and shall pay for the cost of such technology as determined by the USPO.

4. Judge Ingram's Recommended Disposition [R. 544] is **ADOPTED** as and for the Opinion of the Court.

This the 2d day of August, 2021.

Gregory F. Van Tatenhove
United States District Judge