UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:09-CR-10-GFVT-HAI-5 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| EDWARD W. WAGERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

*** *** *** ***

On referral from District Judge Van Tatenhove (D.E. 572), the Court considers reported violations of supervised release conditions by Defendant Edward Wagers. This is his third set of revocation proceedings.

**I.**

Judge Van Tatenhove entered a Judgment against Defendant on June 7, 2010, for one count of conspiracy to manufacture fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, one count of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, one count of being a felon in possession of a firearm, and one count of criminal forfeiture. D.E. 297 at 1-2. Defendant was sentenced to 120 months of imprisonment followed by eight years of supervised release. *Id*. at 3-4. Defendant's sentence was later reduced to 103 months pursuant to 18 U.S.C.

§ 3582(c)(2), which allows for a reduction in the term of imprisonment originally imposed. D.E. 476. Defendant began his initial supervised release term on August 4, 2016.

On April 27, 2018, Defendant's term of supervised release was revoked after he was adjudicated guilty of the following violations: the use and possession of a controlled substance (methamphetamine) and the commission of a crime. D.E. 521. Defendant was sentenced to twenty-four months of imprisonment, followed by a seven-year term of supervised release. *Id.*

On September 20, 2019, Defendant was released from custody to begin service of his seven-year term of supervision. On August 2, 2021, Defendant's second term of supervised release was *not* revoked after he was adjudicated guilty of using alcohol and the commission of a crime. D.E. 548. Rather, Defendant's conditions of release were amended to include a twelve-month period of home detention with location monitoring. *Id.* at 3.

**II.**

On March 29, 2023, the USPO issued the Supervised Release Violation Report (the "Report") that initiated these proceedings. The Report charges two Grade C violations. According to the Report:

> On March 22, 2023, Wagers was arrested and charged in Laurel County, Kentucky, Case No. 23-T-04351, and charged with the following:
>
> 1) Booster Seat Violations, in violation of K.R.S. 189.125(3)(B)
>
> 2) Failure to Wear Seat Belts, in violation of K.R.S. 189.125(6)
>
> 3) Operating Motor Vehicle Under the Influence of Substances, 2nd, in violation of K.R.S. 189A.010(1C) and K.R.S. 189A.010(5B).

The Report is accompanied by the Uniform Citation of Defendant's arrest in Laurel District Case 23-T-04351. Based on this arrest, Violation #1 charges a violation of the condition that forbids Defendant from committing another federal, state, or local crime. Violation #2 charges a

2

violation of the special condition requiring him to abstain from alcohol use. According to the Report, "[p]er the arrest citation, Wagers admitted to consuming alcohol prior to the arrest" and "[a] preliminary breath test was conducted and returned results of .043." This is also a Grade C violation.

On May 4, 2023, the USPO issued the Addendum to the Report (the "Addendum"). The Addendum indicates:

> The purpose of this correspondence is to update the Court as to Violation Number One. On April 18, 2023, Wagers entered a plea of guilty to Count Three, which was originally charged as Operating Motor Vehicle Under the Influence of Substances, 2nd offense, but was amended to Careless Driving. Wagers was sentenced and ordered to pay fines and court costs in the amount of $284.00.
>
> Counts One, Booster Seat Violations, and Count Two, Failure to Wear Seat Belts, were dismissed.

Violations #1 and #2 remain Grade C violations.

On April 13, 2023, the Court conducted an initial appearance pursuant to Rule 32.1 and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 580. At the initial appearance, the United States made an oral motion for interim detention; Defendant argued for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required.

At the final hearing on May 4, 2023, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 581. At the outset of the hearing, the Court reviewed the contents of the Addendum with Defendant. *Id.* Defendant waived a formal hearing and stipulated to Violation #2. *Id.* The United States made an oral motion to dismiss Violation #1. The Court found Defendant to be competent to stipulate to Violation #2 and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

3

The Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1.

During the final hearing, the government recommended a term of imprisonment of eight months and reimposition of Defendant's supervised release, to end on the original date of termination – September 19, 2026. The government also recommended that Defendant's conditions of release be modified to require a status conference with the Court should he ever seek an opiate prescription. Defense counsel recommended a below-Guidelines sentence of time-served and eighteen months of home incarceration with location monitoring.

The government noted that this is Defendant's third set of violation conduct. As mitigating factors, the government noted that Defendant works hard to support his family and has maintained employment while on supervision. However, the government argued that Defendant's choice to drive after taking Suboxone and drinking alcohol, which endangered many lives, must be met with adequate consequences. The government also indicated that, based on its review of the record, Defendant's violations are tethered to his Suboxone use. The government reported that Defendant stopped taking Suboxone after his arrest for the current violations and expressed that he has no desire to resume taking the medication. Thus, the government recommended modifying Defendant's conditions of release to require him to notify the USPO prior to seeking an opiate prescription and attend a status conference with the Court to discuss his reasons for seeking the prescription.

Defense counsel conceded that Defendant's sentence should be higher than his last revocation sentence, but argued that eight months of imprisonment is too severe. Defense counsel argued that, based on the record, the state court did not believe Defendant's conduct endangered others. Defense counsel noted that Defendant has been promoted to a management position and a term of imprisonment may prevent him from returning to his current job. The defense also confirmed that Defendant does not want to resume taking Suboxone.

Defendant addressed the Court directly and apologized for his conduct. Defendant confirmed he does not want to take Suboxone again and stated that he has very much enjoyed his job as a "Team Leader."

### III.

The Court has evaluated the entire record, the Report, the Addendum, their accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was convicted of conspiracy to manufacture fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine (a Class A felony after an enhancement for prior convictions of felony drug offenses), conspiracy to possess with intent to distribute and to distribute over fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine (a Class A felony after an enhancement for prior convictions of felony drug offenses), possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, and being a felon in possession of a firearm. *See* 21 U.S.C.

§ 841(a)(1); 18 U.S.C. §§ 3559(a)(3) and 922(g)(1). Defendant's conviction carries a sixty-month maximum period of incarceration upon revocation. 18 U.S.C. § 3583(e)(3). There is no maximum term of supervised release that may be re-imposed. 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade C Violation. Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and a Grade C Violation, his Range, under the Revocation Table of Chapter 7, is eight to fourteen months. U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the Range.

## IV.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense). Defendant's original conviction involved a significant

6

and dangerous methamphetamine conspiracy. His current violation conduct (using alcohol and driving under the influence) does not relate to meth.

Regarding Defendant's history and characteristics, he has a significant criminal history that includes multiple probation violations. His criminal history category is VI. Thus, Defendant's history suggests he is at risk of committing further crimes. And this is his third set of federal revocation proceedings. Defendant is clearly a hard worker, as reflected by his promotion to Team Leader. However, Defendant's excellent work ethic was noted during his last revocation proceedings, and he was warned then that harsher consequences would follow additional violations. Now, Defendant has violated once again with similar, but worse, conduct by endangering the public and his own children. Thus, a term of imprisonment is necessary to protect the public and deter future violations.

Another factor focuses on opportunities for education and treatment. Neither party focused on this factor.

The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Judge Van Tatenhove placed a great deal of trust in Defendant when he granted a significant downward departure at the original sentencing. This downward departure could be used to justify a sentence above the guidelines range upon future violations. *See* U.S.S.G.

§ 7B1.4 app. note 4. Defendant received a middle-Guidelines revocation sentence in 2018. In 2021, despite a second set of violation conduct, Defendant's supervised release was not revoked. Rather, Defendant's conditions of release were modified to include a twelve-month term of home detention with location monitoring. Despite the copious amount of trust placed in Defendant, he has once again violated the conditions of his supervised release. Although the current violations are strikingly similar to those from his last revocation proceedings, Defendant has now endangered his own children in addition to the public. This conduct follows the Court's warning that future violations, especially ones that endanger the public, would be met with harsher consequences. Thus, the below-Guidelines sentence recommended by the defense is not warranted.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of eight months. As discussed, the below-Guidelines sentence requested by the defense is not warranted in light of Defendant's history of violations, which involve repeatedly endangering the public. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. See 18 U.S.C. § 3583(e).

Additionally, the Court must consider whether it should impose an additional term of supervised release. Under 21 U.S.C. § 841(b)(1)(B), there is no maximum amount of supervised release that can be reimposed. *See* 21 U.S.C. § 841(b)(1)(B). The Court recommends reimposition of Defendant's supervised release, to end on the original date of termination – September 19, 2026. The Court also recommends that an additional condition be imposed

requiring Defendant to report to the USPO if he intends to seek an opiate prescription. The USPO shall inform the Court when/if this occurs, and a status conference with Defendant will be promptly scheduled to discuss the development.

## V.

Based on the foregoing, the Court **RECOMMENDS**:

(1)     That, upon his stipulation, Defendant be found guilty of Violation #2.

(2)     The government's motion to dismiss Violation #1 be granted;

(3)     Revocation with a term of eight months of imprisonment; and

(4)     Supervised release be imposed, to end on September 19, 2026, with the added condition that Defendant shall notify the USPO prior to seeking an opiate prescription. The USPO shall notify the Court of this development, and a status conference with Defendant will be promptly scheduled.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As discussed at the final hearing, within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

This the 8th day of May, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge