UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:09-cr-00010-HAI-5 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| EDWARD W. WAGERS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly Ingram.  [R. 582.]  In 2010, the Court sentenced Defendant Edward Wagers to 120 months of imprisonment followed by eight years of supervised release after he pled guilty to conspiracy to manufacture methamphetamine, conspiracy to possess with intent to distribute methamphetamine, and possessing a firearm despite a prior felony conviction.  [R. 297.]  The United States Probation Office charged Mr. Wagers with three Grade C violations of his supervised release conditions.  [R. 582 at 2.]   Probation eventually amended one charge, and the United States ultimately dismissed another.  *Id.* at 2–3.

The remaining Grade C violation stems from a violation of the special condition that he abstain from the use of alcohol.  *Id.* at 3.  Probation alleges that he was caught operating a vehicle with alcohol and suboxone in his system.  *Id.* at 3, 4.  Judge Ingram recommends a sentence of 8-months' incarceration, the bottom of the guidelines, followed by supervised release through September 19, 2026, based on the severity of the underlying conviction and the violation of the Court's trust, exacerbated by Mr. Wagers receipt of a downward departure at his original sentencing.  *Id.* at 7–8, 9.

Mr. Wagers appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 580.]  During the hearing, Mr. Wagers competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing.  *Id.*  On May 4, 2023, Mr. Wagers appeared before Judge Ingram for his final hearing.  [R. 581.]  As Judge Ingram found, Mr. Wagers "competently, knowingly, voluntarily, and intelligently" stipulated to the Grade C violation.  *Id.*

After hearing the parties' arguments, Judge Ingram issued a Report and Recommendation in which he evaluated the entire record and considered all the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  [R. 582.]  Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 9; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation.  Moreover, Mr. Wagers waived his right to allocution.  [R. 583.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 582]** is **ADOPTED** as and for the Opinion of the Court;

2. On the Government's motion, Violation #1 is **DISMISSED**;

3. Mr. Wagers is found **GUILTY** of Violation #2;

4. Mr. Wagers's supervised release is **REVOKED**;

5. Mr. Wagers is **SENTENCED** to a term of incarceration of eight (8) months;

6. Thereafter, a term of supervise release is **IMPOSED**, to end on September 19, 2026, with the added condition that Defendant shall notify the USPO prior to seeking an opiate prescription.  The USPO shall notify the Court of this development, and a status conference with Defendant will be promptly scheduled; and

7. Judgment shall enter promptly.

This the 26th day of May 2023.

Gregory F. Van Tatenhove
United States District Judge